## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

**CARDINAIR DAVIS**

        **Plaintiffs**

        **v.**

**THOMAS A. ALLERS**, *et al.*

        **Defendants.**

\*    \*    \*    \*    \*    \*

**Civil No. 1:19-cv-02750-SAG**

\*    \*    \*    \*    \*    \*    \*    \*    \*

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, John Clewell ("Defendant" or "Clewell"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 8, hereby files this Answer to the First Amended Complaint (the "Complaint") filed by Plaintiff in the above-captioned action, and, in support hereof, Defendant states as follows:

## INTRODUCTION

Defendant neither admits nor denies the allegations contained in this "Introduction" paragraph of the Complaint regarding other named Defendants.  However, Defendant admits that Plaintiff, by virtue of the absence of Defendant's name from this paragraph, continues to acknowledge, as Plaintiff did in his originally filed Complaint, that Defendant is not among those Baltimore Police Officers who allegedly victimized Plaintiff in the manner described, and who further allegedly caused Plaintiff to be incarcerated for a period of time.

## JURISDICTION AND VENUE

1-4.    Paragraphs 1 through 4 of the Complaint contain allegations of jurisdiction, venue, timely filing and amount in controversy, all of which allegations constitute legal conclusions to which no response is required.

## PARTIES

5.       Defendant is without sufficient information to admit or deny the allegations in paragraph 5.

6-10.   The allegations in paragraphs 6 through 10 are directed to parties other than Defendant, and Defendant is without sufficient information to admit or deny them.

11.      Defendant admits that at all times relevant to the occurences complained of in the Complaint, Defendant was an adult resident of Maryland and was acting in his individual capacity, within the course and scope of his employment as a police officer employed by the Baltimore Police Department. Defendant denies the remaining allegations of paragraph 11 of the Complaint.

12.      Paragraph 12 of the Complaint requires no response.

## FACTS COMMON TO ALL COUNTS

13.      Defendant presently is without sufficient information to admit the allegations in paragraph 13, and, therefore, denies same.

14-16.  Defendant presently is without sufficient information to admit or deny the allegations in paragraphs 14 through 16, and, therefore, denies same. Defendant specifically denies taking, or participating in, any action, if any, with respect to the Plaintiff, in the absence of a good faith justification or probable cause.

17.      Upon information and belief, Defendant admits that a weapon and accompaniments fitting the description set forth in paragraph 17 of the Complaint were recovered during the course of BPD interaction with Plaintiff on the date at issue.

18.      Defendant denies the allegations in paragraph 18 of the Complaint.

19.    Defendant presently is without sufficient information to admit the allegations in paragraph 19 of the Complaint, and, therefore, denies same.

20.    Upon information and belief, Defendant admits that Plaintiff was arrested and taken into custody. Defendant, however, denies that he participated in, or had any knowledge of, any "illegal planting of evidence" as alleged in paragraph 20 of the Complaint.

21.    Upon information and belief, Defendant admits that Defendant Rayam filed a Statement of Probable Cause relating to Plaintiff's arrest, which document speaks for itself. To the extent the allegations in paragraph 21 regarding the contents of said document may contradict said document, Defendant denies same.

22.    Defendant presently is without sufficient information to admit the allegations in paragraph 22 of the Complaint, and, therefore, denies same.

23.    The allegations of paragraph 23 of the Complaint constitute a legal conclusion to which no response is required.  Defendant, in any event, denies initiating a prosecution of Plaintiff. Upon information and belief, Defendant admits that Plaintiff ultimately was charged with multiple criminal violations.

24.    Defendant denies the allegations of paragraph 24 of the Complaint.

25.    Defendant is without sufficient information to admit or deny whether prosecutors added any additional charges as alleged in paragraph 25 of the Complaint.  Defendant denies participation in, or knowledge of, any unlawful prosecution of Plaintiff, and further denies providing, or having any knowledge of, false testimony against Plaintiff.

26.    Defendant is without sufficient information to admit or deny the allegations in paragraph 26 of the Complaint.

27.    Defendant is without sufficient information to admit or deny the allegations in paragraph 27 of the Complaint. Defendant, however, denies that he was prepared to, or did, testify falsely regarding any matter involving Plaintiff, and denies awareness or knowledge of any illegal or false charges lodged against Plaintiff.

28.    Responding to paragraph 28 of the Complaint, upon information and belief, Defendant admits that, at some point, the Defendants named in this paragraph, but not this Defendant, were arrested for various alleged offenses.  Defendant presently is without sufficient information to admit or deny the remaining allegations of paragraph 28 of the Complaint.

29.    Responding to paragraph 29 of the Complaint, although this Defendant is deemed by virtue of paragraph 12 of the Complaint to be included among the parties collectively referred to as "Defendant Officers", Defendant denies that he was ever arrested for anything at any time. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 29 of the Complaint.

30.    Responding to paragraph 30 of the Complaint, Defendant denies that he ever provided testimony regarding any case against Plaintiff.  Defendant is without sufficient information to admit the remaining allegations in paragraph 30 of the Complaint and, therefore, denies same.

31.    Responding to paragraph 31 of the Complaint, Defendant denies that he ever participated in, or ever had knowledge of, the falsification of any evidence against Plaintiff. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 31 of the Complaint.

32.     Responding to paragraph 32 of the Complaint, Defendant denies engaging in or participating in any search, arrest or prosecution of Plaintiff without probable cause, and denies having any awareness or knowledge of any search, arrest or prosecution of Plaintiff in the absence of probable cause.  Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph.

### FACTS RELEVANT TO CLAIMS AGAINST DEFENDANT PALMERE

33-37. The allegations in paragraphs 33 through 37 of the Complaint are directed to another party and, therefore, no response to them is necessary.  To the extent any response is deemed necessary, however, Defendant specifically denies engaging in or participating in unlawful conduct as alleged in the Complaint, and denies awareness or knowledge of Plaintiff being subjected to unlawful conduct as alleged in the Complaint.

### COUNT I
**Fourth Amendment Malicious Prosecution Civil Rights Act – 42 U.S.C. § 1983**

38.     Responding to paragraph 38, Defendant incorporates by reference his responses to the foregoing paragraphs.

39.     Defendant admits the allegations in paragraph 39 of the Complaint.

40-43. Defendant denies the allegations in paragraphs 40 through 43 of the Complaint.

44.     The allegations in paragraph 44 state legal conclusions, to which no response is necessary. To the extent any response may be required, the allegations in this paragraph are denied.  Although Defendant is included in the designation of "arresting officers" in paragraph 12 of the Complaint, Defendant specifically denies that he was ever criminally indicted at any time for any matter.

45.     The allegations in paragraph 45 of the Complaint state legal conclusions, to which no response is necessary. To the extent any response may be required, the allegations

5

in this paragraph are denied. Defendant denies that he ever violated Plaintiff's rights, and denies that Plaintiff is entitled to any of the relief requested as a result of any alleged actions or omissions by Defendant.

## AFFIRMATIVE AND NEGATIVE DEFENSES

1.     Defendant denies all allegations not specifically admitted in this Answer.

2.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.     Plaintiff's claims are barred, in whole or in part, by the doctrines of governmental and qualified immunity.

4.     Defendant's actions, if any, were privileged because he was performing lawful duties as a member of the Baltimore Police Department, and he is therefore entitled to and claims all common law and statutory immunities.

5.     Plaintiff's alleged injuries, losses, or damages, if any, were caused by Plaintiff's own illegal conduct or by the conduct of other persons or parties for Defendant is not responsible or liable.

6.     Defendant acted, if at all with respect to Plaintiff, with probable cause and reasonable articulable suspicion.

7.     Defendant denies violating Plaintiff's rights.

8.     Defendant acted, if at all with respect to Plaintiff, reasonably and in good faith under the circumstances.

9.     Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

10.     Plaintiff's claims are barred, in whole or in part, by estoppel and/or waiver due to Plaintiff's guilty plea.

11.     Plaintiff's claims are barred, in whole or in part, by waiver due to Plaintiff's guilty plea.

12.     Plaintiff has failed to mitigate his damages.

13.     Plaintiff, by virtue of his Complaint, has acknowledged and/or admitted that Defendant was not a participant in the alleged unlawful acts against Plaintiff.

**WHEREFORE**, having fully answered Plaintiff's First Amended Complaint, Defendant John Clewell requests that this Court dismiss the Complaint with prejudice, assess costs against Plaintiff, and award Defendant all other relief this Court deems appropriate.


Respectfully submitted,

_____/s/_____

James H. Fields (Bar No. 09661)
Fields Peterson, LLC
Harborplace Tower, Suite 1400
111 South Calvert Street,
Baltimore, MD 21202
Telephone: (410) 783-6347
Facsimile:  (410) 783-6410
*JFields@FieldsPeterson.com*
*Attorneys for Defendant, John Clewell*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 20th day of February, 2020, a copy of the foregoing Answer was served upon all parties of record via the Court's electronic filing system.

_____/s/_____
James H. Fields